UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AGUSTIN MORALES AGUILAR, LUIS PEREZ CUAUTLA, MARCEL GERARDO MENDEZ, JAVIER JUSTO HERNANDEZ, and HERMINIO LUNA, *individually and on behalf of others similarly situated,*<br><br>Plaintiffs,<br><br>-against-<br><br>PHILKA GROCERY CORP. (d/b/a LITTLE ITALY PIZZA), DINO MAZZELA, DINA RAPA, BINO RAPPA, PAEDEO RAPPA, CAROLINA RAPPA, FILIPPO RAPA, JOSEPHINE RAPPA and TADDEO RAPPA,<br><br>*Defendants.* | 15-CV-04592-AKH<br><br>SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u> |

  This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Agustin Morales Aguilar, Luis Perez Cuautla, Marcel Gerardo Mendez, Javier Justo Hernandez, and Herminio Luna ("Plaintiffs") on the one hand, Philka Grocery Corp. (d/b/a Little Italy Pizza), (the "Defendant Corporation"), Filippo Rapa, and Taddeo Rappa (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendants are the "Defendants"), on the other hand.

  WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

  WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 15-CV-04592-AKH (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

  WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

  WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

  NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1231196.1

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Two Hundred and Two Thousand Five Hundred Dollars and Zero Cents (**$202,500**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys in twenty seven monthly ("27") installments, as follows:

(a) Installment One: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(b) Installment Two: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit sixty days (60) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(c) Installment Three: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit ninety days (90) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(d) Installment Four: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit one hundred and twenty days (120) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(e) Installment Five: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit one hundred and fifty days (150) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(f) Installment Six: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit one hundred and eighty days (180) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(g) Installment Seven: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit two hundred and ten (210) days after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees,

and costs, is the responsibility solely of the Plaintiffs and their counsel.

(h) Installment Eight: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit two hundred and forty days (240) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(i) Installment Nine: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit two hundred and seventy days (270) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(j) Installment Ten: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred days (300) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(k) Installment Eleven: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred and thirty days (330) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(l) Installment Twelve: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred and sixty days (360) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(m) Installment Thirteen: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit three hundred and ninety days (390) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(n) Installment Fourteen: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit four hundred and twenty days (420) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(o) Installment Fifteen: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit four hundred and fifty days (450) after the initial first

payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(p)     Installment Sixteen: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit four hundred and eighty days (480) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(q)     Installment Seventeen: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit five hundred and ten days (510) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(r)     Installment Eighteen: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit five hundred and forty days (540) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(s)     Installment Nineteen: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit five hundred and seventy days (570) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(t)     Installment Twenty: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit six hundred days (600) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(u)     Installment Twenty-One: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit six hundred and thirty days (630) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(v)     Installment Twenty-Two: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit six hundred and sixty days (660) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(w)     Installment Twenty Three: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as

Attorney for Plaintiffs", for immediate depo sit six hundred and ninety days (690) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(x)     Installment Twenty Four: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit seven hundred and twenty days (720) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(y)     Installment Twenty Five: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit seven hundred and fifty days (750) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(z)     Installment Twenty Six: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit seven hundred and eighty days (780) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

(aa)     Installment Twenty Seven: A post-dated check in the amount of Seven Thousand Five Hundred Dollars and Zero Cents ($7,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit eight hundred and ten days (810) after the initial first payment, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

Within thirty days of this Agreement being approved by the Court, all of the post-dated checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks shall constitute a default under the Agreement.

2 (a). **Release.** For and in consideration of the payments provided for in this Agreement, plaintiffs fully, finally, irrevocably and forever release and discharge defendants from federal and New York State wage and hour claims, which plaintiffs have or may have against defendants. This release is limited solely and only to claims that have arisen on, or prior to, the date this Agreement is executed and it does not release or discharge any claims that may occur after that date. Plaintiffs hereby specifically acknowledge that this Agreement, and the monies received by Plaintiffs, and referenced herein, are a fair and reasonable resolution of a bona fide dispute over a provision of the Fair Labor Standards Act, the New York Labor Law and/or time worked.

(b). Plaintiffs assume full responsibility for their respective portion of any and all federal, state and local taxes or contributions regarding the Settlement Payment which may hereafter be imposed, or required to be paid by, Plaintiffs under any federal or state laws of any kind, with respect to the monies paid by Defendants to Plaintiff pursuant to this Agreement. Plaintiffs agree to indemnify Defendants for any tax liability that may be associated with the non-wage portion of the Settlement payment. All payments shall be reported on an IRS Form 1099 to Michael Faillace & Associates. This Agreement shall not be effective until defendants receive an IRS Form W-9 containing the Taxpayer Identification Number of Michael Faillace & Associates, P.C.

(c) Concurrently with the execution of this Agreement, Defendants Taddeo Rappa, Philka Grocery Corp. (d/b/a Little Italy Pizza), and Filippo Rappa shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A, B, and C respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiffs' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Raymond Nardo, Esq., at 129 Third Street, Mineola, NY 11501). Any such Notice of Default shall be deemed received five (5) days after it is mailed.

3. No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4. Modification of the Agreement: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5. Acknowledgments: Each Plaintiff acknowledges that: (1) he has been fully and fairly represented by counsel in this matter; and (2) he has been instructed by his attorney that Defendants respectfully request he keep this agreement confidential. Defendants acknowledge that they have consulted with counsel for the purpose of this Agreement.

Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6. Notices: Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof. Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Raymond Nardo, P.C.
129 Third Street
Mineola, NY 11501
Tel: (516) 248-2121
Fax: (516) 742-7675
raymondnardo@gmail.com


7.  <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.  <u>Enforceability:</u> If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.  <u>Release Notification</u>: Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys. Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.  <u>Counterparts</u>: To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts

together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart. This agreement may also be executed by facsimile transmission.

PLAINTIFFS:

By: _____ Date: 04/25/17
AGUSTIN MORALES AGUILAR

By: _____ Date: 04/26/17
LUIS PEREZ CUAUTLA

By: _____ Date: 04/26/17
MARCEL GERARDO MENDEZ

By: _____ Date: 4/27/17
JAVIER JUSTO HERNANDEZ

By: _____ Date: 04/28/2017
HERMINIO LUNA

DEFENDANTS:

By: _____ Date: 05-8-17
PHILKA GROCERY CORP.

By: _____ Date: 5-8-17
FILIPPO RAPA

By: _____ Date: 05-8-17
TADDEO RAPPA

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
---------------------------------------x
AGUSTIN MORALES AGUILAR, LUIS
PEREZ CUAUTLA, MARCEL GERARDO
MENDEZ, JAVIER JUSTO HERNANDEZ,
and HERMINIO LUNA, *individually and on
behalf of others similarly situated,*

                Plaintiffs,

-against-

PHILKA GROCERY CORP. (d/b/a LITTLE
ITALY PIZZA), DINO MAZZELA, DINA
RAPA, BINO RAPPA, PAEDEO RAPPA,
CAROLINA RAPPA, FILIPPO RAPA,
JOSEPHINE RAPPA and TADDEO
RAPPA,

                *Defendants.*

---------------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                                : ss.:
COUNTY OF      QUEENS )

    1.    I reside in Queens County.

    2.    Pursuant to the terms of the Settlement Agreement and Release by and between Agustin Morales Aguilar, Luis Perez Cuautla, Marcel Gerardo Mendez, Javier Justo Hernandez, and Herminio Luna (each a "Plaintiff" and collectively, "Plaintiffs") and Philka Grocery Corp. (D/B/A Little Italy Pizza), Filippo Rapa, and Taddeo Rappa (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of THREE HUNDRED THREE THOUSAND SEVEN HUNDRED and FIFTY DOLLARS and ZERO CENTS ($303,750), less any payments made under the Settlement Agreeement.

    3.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $202,500 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $202,500 plus liquidated damages of $101,250.

    4.    This affidavit is made upon good and valuable consideration, the sufficiency of

which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $303,750 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Taddeo Rappa.

_____
Taddeo Rappa

Sworn to before me this
1ST day of MAY, 2017

_____
Notary Public

GEORGE TYLIPAKIS
Notary Public, State of New York
No. 01TY6068921
Qualified in Queens County
Commission Expires Jan. 14, 2018

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------x
AGUSTIN MORALES AGUILAR, LUIS
PEREZ CUAUTLA, MARCEL GERARDO
MENDEZ, JAVIER JUSTO HERNANDEZ,
and HERMINIO LUNA, *individually and on
behalf of others similarly situated*,

              Plaintiffs,

        -against-

PHILKA GROCERY CORP. (d/b/a LITTLE
ITALY PIZZA), DINO MAZZELA, DINA
RAPA, BINO RAPPA, PAEDEO RAPPA,
CAROLINA RAPPA, FILIPPO RAPA,
JOSEPHINE RAPPA and TADDEO
RAPPA,

            *Defendants.*

------------------------------x

Index No.:

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

STATE OF NEW YORK    )
                            : ss.:
COUNTY OF     QUEENS  )

    1.    I reside in Queens County.

    2.    I am the President of Philka Grocery Corp. (d/b/a Little Italy Pizza). I am duly authorized to make this affidavit of confession of judgment on behalf of Philka Grocery Corp. (d/b/a Little Italy Pizza).

    3.    Philka Grocery Corp. (d/b/a Little Italy Pizza), maintains its principal place of business in New York County at 55 West 45th Street, New York, New York, 10036.

    4.    Pursuant to the terms of the Settlement Agreement and Release by and between Agustin Morales Aguilar, Luis Perez Cuautla, Marcel Gerardo Mendez, Javier Justo Hernandez, and Herminio Luna (each a "Plaintiff" and collectively, "Plaintiffs") and Philka Grocery Corp. (D/B/A Little Italy Pizza), Filippo Rapa, and Taddeo Rappa (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Philka Grocery Corp. (d/b/a Little Italy Pizza) in favor of Plaintiffs for the sum of THREE HUNDRED THREE THOUSAND SEVEN HUNDRED and FIFTY DOLLARS and ZERO CENTS ($303,750), less any payments made under the Settlement Agreeement.

    5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under

the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $202,500 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $202,500 plus liquidated damages of $101,250.

6. This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7. I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $303,750 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Philka Grocery Corp. (d/b/a Little Italy Pizza).

Philka Grocery Corp.

By: _____
Taddeo Rappa
Title: President

STATE OF ____NY____ )
                    : ss.:

On __MAY 1ST__, 2017, before me personally came __TADDEO RAPPA__, to me known, who, by me duly sworn, did depose and say that deponent resides at __54-15 63RD PL MASPETH NY__, that deponent is the President of Philka Grocery Corp. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Philka Grocery Corp. and was authorized to do so.

_____
Notary Public

GEORGE TYLIPAKIS
Notary Public, State of New York
No. 01TY6068921
Qualified in Queens County
Commission Expires Jan. 14, 20 18

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
------------------------------------x
AGUSTIN MORALES AGUILAR, LUIS
PEREZ CUAUTLA, MARCEL GERARDO
MENDEZ, JAVIER JUSTO HERNANDEZ,          :   Index No.:
and HERMINIO LUNA, *individually and on*
*behalf of others similarly situated,*   :   **AFFIDAVIT OF CONFESSION OF**
                                             **JUDGMENT**
                Plaintiffs,

        -against-

PHILKA GROCERY CORP. (d/b/a LITTLE
ITALY PIZZA), DINO MAZZELA, DINA
RAPA, BINO RAPPA, PAEDEO RAPPA,
CAROLINA RAPPA, FILIPPO RAPA,
JOSEPHINE RAPPA and TADDEO
RAPPA,

                Defendants.
------------------------------------x

STATE OF NEW YORK    )
                     : ss.:
COUNTY OF   QUEENS   )

        FILIPPO RAPPA, being duly sworn, deposes and says:

        1.      I reside in Queens, County.

        2.      Pursuant to the terms of the Settlement Agreement and Release by and between Agustin Morales Aguilar, Luis Perez Cuautla, Marcel Gerardo Mendez, Javier Justo Hernandez, and Herminio Luna (each a "Plaintiff" and collectively, "Plaintiffs") and Philka Grocery Corp. (D/B/A Little Italy Pizza), Filippo Rapa and Taddeo Rappa (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of THREE HUNDRED THREE THOUSAND SEVEN HUNDRED and FIFTY DOLLARS and ZERO CENTS ($303,750), less any payments made under the Settlement Agreeement.

        3.      This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $202,500 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $202,500 plus liquidated damages of $101,250.

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $303,750 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, Filippo Rappa.

_____
Filippo Rappa

Sworn to before me this
1ST day of MAY 2017

_____
Notary Public

GEORGE TYLIPAKIS
Notary Public, State of New York
No. 01TY6068921
Qualified in Queens County
Commission Expires Jan. 14, 20 18